GEO. B. HIBBARD *v.* MARTHA E. NEWMAN, Executrix.

LANDLORD AND TENANT. *Tenancy from year to year. What will constitute.* Where a tenant, upon the expiration of his lease for one year, refuses to give possession after notice, but holds over and complies with the conditions of the original contract in monthly payments, he becomes a tenant from year to year, and is liable for the entire year's rent, though the property be consumed by fire during his occupancy.

Case cited: Taylor on Landlord and Tenant, § 56.

FROM DAVIDSON.

Appeal from the Circuit Court. EUGENE CAREY, Judge.

LAWRENCE, PEABODY & RUHM, G. P. THRUSTON and J. L. FARE for Hibbard.

J. T. BROWN for Newman.

SNEED, J., delivered the opinion of the Court.

On the 1st of August, 1865, Martha Newman, executrix, rented and leased to Charles A. Irwin, Geo. B. Hibbard and J. K. James the Exchange Stables, in Nashville, for one year from that date, with the privilege of retaining the property for the term of five years, provided she should have the same control of the property as she then had. Irwin, Hibbard and James agreed to pay for the use of the property $175 per month. Under this con-

tract they entered into the possession of the property and paid rent therefor until July 27th, 1866. On that day the *lessor* notified the lessees that not having the same control of the property as when the contract was made, it would be impossible for the lease to continue longer than the 1st of August, 1866. At the termination of the lease for one year the lessees declined to give. up the premises, but continued to occupy them, paying a monthly rent of $175, at the beginning of each month, until about the 1st of March, 1867, at which time the property was destroyed by fire. From that time the lessees refused to pay rent, and thereupon the lessor brought this suit to recover rent from the time of. the burning of the property until the 1st of August, 1867.

The case was submitted to a jury under the charge of the Judge of the Circuit Court, when they found in favor of the lessor. The lessees have appealed to this Court.

The main ground upon which a reversal is sought is, that there is error in the following instructions given by the Judge to the jury, viz.: "That if defendants held over after the expiration of the first year they would be bound for the second year's rent —the *whole of it.* That to relieve them from this liability the defendants would have to prove that, in holding over to the second year, a new arrangement was entered into with the *landlord* for the second year. That it was a question for the jury to determine whether such new arrangement was entered into

by the parties as would relieve the defendants from their liability for the second year's rent."

We are to assume that these instructions were given with reference to the proof adduced before the Court and jury. Although it may be true as argued, that the notice given on the 27th of July, 1866, put an end to the lease for five years; and thereby the holding after the expiration of the first year constituted the lessees *tenants at will,* or at *sufferance* of the lessor; yet it appears by the proof, which is uncontradicted, that immediately after the expiration of the first year the lessees commenced paying rent to the lessor, according to the original contract, and continued so to do at the beginning of every month, until the property was consumed by fire. It is clear that the tenancy at will or sufferance was converted thereby into a tenancy from year to year. Taylor's Landlord and Tenant, Section 56.

In view of the uncontroverted facts, therefore, the Circuit Judge committed no error in telling the jury that if defendants held over after the expiration of the first year, they would be bound for the second year's rent.

The next proposition in the charge was manifestly made in view of the attempt by the defendants to prove a new arrangement, by which they were at liberty to surrender the property before the expiration of the second year; and also in view of their attempt to prove that they did surrender the property after the fire, and that the surrender was accepted by

the lessor. There was some conflict of evidence on these questions of fact, and the matter was properly left to the determination of the jury. They found that there was no such new arrangement, and no such surrender and acceptance of the premises, and we think their verdict is supported by the proof.

Upon the whole case we are satisfied that there is no material error in the charge of the Court, and that the jury have reached the merits of the case.

We therefore affirm the judgment.